McCay, Judge.
It is admitted that there is no specific authority granted by law to the Ordinary to pay this demand, that it is nowhere, in terms, made a charge against the county. If it can be paid at all, it is under paragraph 5 of section 547 of the Revised Code, “to pay the expenses of the county for bailiffs at Courts, nonresident witnesses in criminal cases, fuel, servant hire, stationery, and the like.1’ But even, as to these expenses, the Ordinary can only pay such as are a legal charge against the county. Nor is it in the discretion of the Judge of the Superior *Court or the Ordinary to say what is included. This Court held in 24 Georgia, 82, that without a special law giving the authority, the Judge of the Superior Court could not charge the county with the expense of feeding jurymen, even whilst sitting in a case. At last, therefore, the inquiry is, whether in the nature of things, the demand now pressed is a charge on the county. Our constitutional provision, that a prisoner shall have “the privilege and benefit of counsel,” is appealed ' to. Does this mean that the public shall furnish him’ with counsel? We think not. The provision is general. It applies to the rich as well as the poor. It does not say he shall have this if he is unable to procure counsel, but what it guarantees is to all, to-wit: the right to “have the privilege and benefit of counsel.” In England, this right was, in many cases, denied, or only allowed to a limited extent. And this clause was to secure this right, even against legislative infringement. We do not think the public has taken upon itself the duty of seeing to it, that every prisoner has the benefit of counsel, except in a collateral way. We do not think a Judge of the Superior Court has the power to appoint a private citizen, not “an adnvtted attorney, to any such duty; it is a-duty growing out of the office of an attorney, or rather of counselor, or advocate. An “attorney at law” in this State, exercises alb the functions of an attorney and counselor in England. His profession is recognized by law. He is a sworn officer; he is examined, licensed and commissioned, and has legal duties and privileges attached to his office. One of these is provided by 'our Code — “Never to reject, for considerations personal to himself, the cause of the defenseless or oppressed.” This, too, is an old common law duty, and has been not only the admitted obligation but the pride and glory of the profession from time immemorial. The law. *260 recognizes the profession and the office. As it confers privileges, it also imposes duties. One of these is, that he will never reject the cause of the defenseless, and that when the presiding Judge of a Court (at which he is in attendance) — the head of his profession for the time — presents to his notice a case coming *within the sphere of his obligation, he will, in good faith as a man and as a lawyer, come to his aid. 1 f he he fails in his
Thus far the law has provided for the defense of indigent persons charged with crime. The office of an attorney at law has this duty imposed upon it. It -is one of the duties the members of our profession take upon themselves with that office.
Judgment affirmed.