## 46844. AMADEO v. THE STATE.
### (384 SE2d 181)

HUNT, Justice.

The issue here is whether the trial court abused its discretion in refusing to appoint the two lawyers who had previously represented the defendant and by appointing new local counsel for the retrial of defendant's capital case. We hold in the affirmative and reverse.

Tony B. Amadeo was convicted of murder and given the death sentence in 1977. We affirmed in *Amadeo v. State,* 243 Ga. 627 (255 SE2d 718) (1979), but the United States Supreme Court reversed on Amadeo's petition for habeas corpus in *Amadeo v. Zant,* ____ U. S. ____ (108 SC 1771, 100 LE2d 249) (1988). Upon remand for retrial in Putnam County, the trial court appointed two well-respected local lawyers, neither of whom had previously tried a death penalty case. After conferring with the two lawyers who had been representing Amadeo in his previous appeals,[1] local counsel sought permission to withdraw from the case and the other two lawyers, who had represented Amadeo for 10 and 4 years, sought appointment. The trial court denied both motions, but invited the intervening attorneys to participate in Amadeo's defense at their own expense.[2] We granted Amadeo's application to appeal.

1. We recognize that "the Sixth Amendment does not grant a defendant, who does have the absolute and unqualified right to appointed counsel, the additional right to counsel of his own choosing." *Preston v. State,* 257 Ga. 42, 44 (354 SE2d 135) (1987). Accord *Kesler v. State,* 249 Ga. 462 (291 SE2d 497) (1982); *Bailey v. State,* 240 Ga. 112, 114 (239 SE2d 521) (1977); *McClure v. Hopper,* 234 Ga. 45, 49 (214 SE2d 503) (1975). See OCGA § 17-12-44. However, since *Gregg v. Georgia,* 428 U. S. 153 (96 SC 2909, 49 LE2d 859) (1976), it has become apparent that special skills are necessary to assure adequate

---

[1] These lawyers specialize in death penalty cases and, typically, will be involved, at no expense to the public or to the defendant, in collateral attacks against the death sentence. This type of representation ordinarily covers a period of several years and of necessity the lawyers become extremely well acquainted with all aspects of the case.

[2] "[I]f an indigent defendant can make his own arrangements for attorney representation, whether with the financial assistance of family or friends, or by persuading an attorney to represent him *pro bono,* he ordinarily may do so." *Lipham v. State,* 257 Ga. 808, 811 (364 SE2d 840) (1988).

representation of defendants in death penalty cases. ABA, *Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases* at 5.1. While it is true that utilization of local lawyers[3] is one of the goals to be furthered in selecting counsel, an appointing trial court must also *consider* the prior experience of the available lawyers when choosing counsel in a death penalty case. E.g., OCGA § 17-2-8; Uniform Superior Court Rule 29.8; Ga. Indigent Defense Act, OCGA § 17-12-30 et seq. Since, however, we reverse on other grounds, we do not decide whether the failure to appoint counsel with previous death penalty experience is, in itself, an abuse of the trial court's discretion.[4]

2. Here we are faced with the issue of the extent to which a trial court must consider the reappointment of lawyers with whom the defendant has already developed a close relationship. We are guided by the decision of *Harris v. People*, 567 P2d 750 (140 Cal. Rptr. 318, 1977). In that case, the Supreme Court of California noted that, while the appointment of counsel is a matter entrusted to the court's exercise of discretion, the appointment by the court of an individual meeting the minimum standards of competency does not insulate the court's decision from all review. Id. at 757. Rather, the court's exercise of its discretion is to be reviewed in light of the factors before the court at the time of its decision. In reversing the judgment of the trial court refusing to appoint the defendant's prior counsel, the California court emphasized not the subjective desire of the defendant to be represented by the lawyers who had earned his trust, confidence, and allegiance, but the objective fact that the prior lawyers, through their representation of the defendant, were thoroughly familiar with the defendant's case. Id. at 758. The California court noted that while an indigent defendant's preference for a particular attorney must be considered by the trial court, it is not a determinative factor requiring the appointment of that attorney. Id. at 756. However, as in the case before us, not only did the defendant argue he had developed a relationship of trust and confidence with prior counsel, but, also, the defendant's newly appointed counsel argued in favor of representation

---

[3] Among the goals of the Georgia Indigent Defense Act are "(5) [a] system to ensure that the *local* responsibility to provide fair and adequate defense to indigent persons is met"; and "(13) [w]here feasible, that the *local* members of the bar be utilized in providing indigent defense services." (Emphasis supplied.) OCGA § 17-12-60.

[4] Appellant suggests that such previous experience should be a prerequisite to appointment. Their argument is supported by ABA Guidelines for Appointment and Performance of Counsel in Death Penalty Cases 5.1, adopted at the 1989 mid-year meeting of the ABA. See also the Georgia Indigent Defense Council, *Standards for Indigent Defense*, Part I, which provides in part:

In cases where the death penalty is sought the attorney must have participated in the defense of one case in which the death penalty was sought and which resulted in a jury trial. . . .

by the prior lawyers based on the legal and factual complexities of the case, which they knew they would also have to master. Convinced that these factors must play an important part in the exercise of the trial court's discretion, we adopt the conclusion of the *Harris* court:

> In summary, while we reaffirm today the basic holding . . . that the court's discretion in the appointment of counsel is not to be limited or constrained by a defendant's bare statement of personal preference, we hold that when that statement of preference, timely made, is supported by objective considerations of the consequence here involved, and where there are no countervailing considerations of comparable weight, it is an abuse of sound judicial discretion to deny the defendant's request to appoint the counsel of his preference.

Id. at 759.

That is to say, under the facts of this case, the considerations favoring the appointment of Amadeo's previous counsel clearly outweighed any opposing consideration, including the desirability of involving local lawyers. Therefore the trial court's refusal to appoint them amounted to an abuse of discretion. Its order is reversed and the matter is remanded for appointment of previous counsel.[5]

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 5, 1989.

*Hansell & Post, Stephen O. Kinnard, Ruth E. Friedman, Stephen B. Bright,* for appellant.

*Joseph H. Briley, District Attorney,* for appellee.

*Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General,* amicus curiae.

---

[5] Once appointed, previous counsel are entitled only to be compensated in the same reasonable manner in which local counsel would have been. Whether a particular circuit's method of compensating counsel for the indigent in a death penalty case is reasonable and adequate is a matter not before us in this case.