## S89A0068. BIRT v. THE STATE.
(387 SE2d 879)

HUNT, Justice.

Billy Sunday Birt was convicted of two murders and given the death sentence in 1975 in Jefferson County. *Birt v. State*, 236 Ga. 815 (225 SE2d 248) (1976). After subsequent habeas corpus proceedings, those sentences were vacated and the case remanded to Jefferson County for resentencing. In March 1989, Millard Farmer, Joe Nursey, and Carla Friend [hereinafter Farmer], Birt's long-time pro bono counsel, sought appointment for his indigent defense and for compensation for representing him at the resentencing trial. The trial court refused to allow Farmer to withdraw as pro bono counsel and, at the same time, refused to name him as Birt's court-appointed attorney. We granted Birt's application for interlocutory appeal.

1. The effect of the trial court's order, which was in part based on Uniform Superior Court Rule (SCR) 4.3,[1] was to require Farmer to represent Birt, concededly an indigent, through the resentencing trial without any sort of compensation. Notwithstanding the provisions of SCR 4.3 and notwithstanding the professional obligation of a lawyer to represent an indigent when called upon to do so without regard to compensation, *Elam v. Johnson*, 48 Ga. 348, 349 (1873); *Weiner v. Fulton County*, 113 Ga. App. 343, 350 (148 SE2d 143) (1966) (Hall, J., concurring specially), the law of this state has, since 1953, mandated local compensation for counsel appointed in capital felony cases, Ga. L. 1953, Nov.-Dec. Sess., p. 478; OCGA § 17-12-60 et seq., and since 1968, in all indigent cases, Ga. L. 1968, p. 999, as amended, Ga. L. 1974, p. 1100; OCGA § 17-12-1 et seq. In addition, a state-funded program, the Georgia Indigent Defense Act, was enacted in 1979, Ga. L. 1979, p. 367; OCGA § 17-12-30 et seq., declaring:

> ■t is the policy of this state to provide the constitutional guarantees of the right to counsel and equal access to the courts to all its citizens in criminal cases and to provide: . . . (2) Adequate compensation for counsel who represent indigent persons accused of crime; . . .

We conclude, therefore, that the trial court erred in requiring Farmer to remain in the case as pro bono counsel for an indigent defendant without compensation.

2. Both Farmer and Birt seek Farmer's appointment. The trial court not only conceded Farmer was best equipped to represent Birt,

---

[1] SCR 4.3 considers the request by counsel to withdraw from a case. It provides that such a request may be denied if in the judge's discretion it would interrupt the orderly operation of the court or be manifestly unfair to the client. The trial court so found.

but insisted on his remaining in the case. Under these circumstances, the trial court should have appointed Farmer.[2] Once appointed, Farmer will be entitled to reasonable and adequate compensation.[3] *Amadeo v. State,* 259 Ga. 469, 471 (384 SE2d 181) (1989). See generally Uniform Superior Court Rules, 29.8, 29.9; Guidelines of the Georgia Indigent Defense Council for the Operation of Local Indigent Defense Programs (approved October 1989).

*Judgment reversed and remanded with direction. All the Justices concur.*

DECIDED FEBRUARY 7, 1990.

*Millard C. Farmer, Jr., Joseph M. Nursey, Carla J. Friend,* for appellant.

*Richard A. Malone, District Attorney,* for appellee.

---

[2] Requiring Farmer, under these circumstances, to remain in the case was properly within the exercise of the trial court's discretion. Permitting him to be eligible for compensation, however, was mandated by law and, hence, could not be a discretionary act and was not, therefore, subject to the exercise of discretion.

[3] We question, in a death penalty case, whether either the eligible lawyer or the governing body should condition the appointment on the payment of a fixed fee, the amount of which is decided in advance. For a lawyer to do so would be inconsistent with his or her professional obligation. Farmer recognizes this and states in his brief that he makes no such demand. Notwithstanding the practice of the Middle Circuit in other cases, compensation in death penalty cases should be consistent with the indigent defense guidelines as to fees and expenses, promulgated pursuant to either OCGA § 17-12-41, or SCR 29.9. Although advances may properly be made, both as to fees and to expenses, the total should not be decided until the matter is concluded.