S91A0218. DAVIS v. THE STATE.
(403 SE2d 800)

CLARKE, Chief Justice.

We granted this application for immediate review to consider whether the trial court erred in denying defendant's motion to appoint and to compensate his present counsel, Millard Farmer and Carla Friend. We conclude that it did err and reverse.

Curfew Davis was convicted of murder and sentenced to death in 1974. His sentence was vacated by the U. S. Supreme Court in 1976.

Later, he was retried and given the death sentence again. That sentence was vacated in federal habeas corpus proceedings in 1983. In all proceedings since 1977, Farmer has represented Davis without compensation. The case is now set for a third sentencing trial. Curfew Davis, who is presently waiting for a determination of whether he is mentally competent to stand trial, moved for appointment and compensation of attorneys Farmer and Friend.

The court denied the motion, indicating that it would allow Farmer and Friend to withdraw as counsel, but would appoint other counsel to represent Davis if they did. The court acknowledged Farmer's experience in handling death penalty cases and his long relationship with Davis, but stated that Farmer "has a record of antagonizing the Court, the jury, and everyone involved in this type of case," citing a 1978 case in which Farmer was found in contempt of court, *Farmer v. Holton*, 146 Ga. App. 102 (245 SE2d 457) (1978). The court then pointed to a policy of the federal courts not to appoint prior retained counsel when it becomes necessary to appoint court-compensated counsel. Finally, the court stated that it had talked to an experienced attorney who had agreed to handle the case if Farmer would withdraw.

An indigent defendant has no right to compel the trial court to appoint an attorney of his own choosing. *Lipham v. State*, 257 Ga. 808 (364 SE2d 840) (1988). The choice of appointed counsel is a matter governed by the trial court's sound exercise of discretion and will not be disturbed on appeal unless abused. Id. at 811. However, when a defendant's choice of counsel is supported by objective considerations favoring the appointment of the preferred counsel, and there are no countervailing considerations of comparable weight, it is an abuse of discretion to deny the defendant's request to appoint the counsel of his preference. *Amadeo v. State*, 259 Ga. 469 (384 SE2d 181) (1989).

In this case, defendant's choice of counsel is supported by several weighty considerations. Farmer and Friend are already familiar with the case, which is both legally and factually complex. They also have a long-standing relationship with the defendant, who they contend is in a fragile state of mental health. The countervailing considerations mentioned by the trial court are not of comparable weight. The Georgia courts have no policy against appointing previously retained counsel. Further, the requested counsel are available, qualified and willing to handle the case. Finally, Farmer's 1978 contempt citation is not a sufficient reason to deny the motion to appoint him.

We conclude that the trial court is required to appoint attorneys Farmer and Friend.

*Judgment reversed and remanded. All the Justices concur, except Hunt and Fletcher, JJ., who concur in part and dissent in part.*

Hunt, Justice, concurring in part and dissenting in part.

A trial judge, upon reading this opinion, and our opinion in *Amadeo v. State*, 259 Ga. 469 (384 SE2d 181) (1989) may well wonder whether he or she has any remaining discretion in the appointment of counsel under these circumstances. By circumstances, I mean the factors common both to Amadeo and Davis, to-wit: the lawyers who seek appointment are the *only* lawyers who, in addition to being highly competent in due process cases, have a long association with the defendant, and are familiar with the complexities of the case. Given the presence of these factors, is the appointment of the defendant's choice of counsel mandated? The answer, provided by this opinion and our opinion in *Amadeo* is yes, in the absence of "countervailing considerations of comparable weight."[1]

I can, at the moment, think of only a few examples of considerations which might authorize the exercise of the trial court's discretion in favor of appointment of local counsel, and against the defendant's choice of counsel. These might include: the fact that the defendant's choice maintains his primary office some considerable distance from the court so that his availability to the court and to the defendant over the course of the litigation would be difficult; the fact that the defendant's choice is presently engaged in a time-consuming case which will cause conflict and delay in this court's case; the fact that the defendant's choice has a *recent* well-documented history of disruptive behavior calculated to require a mistrial or otherwise sabotage the normal proceedings of the case; or where competent local counsel also has some previous connection with the case.

I do not, however, concur with the majority's holding that the trial court was required to appoint *both* counsel of defendant's choosing. Assuming two lawyers are necessary, or even desirable, I see no reason why it would not be within the trial court's discretion to appoint one, but not both, of those lawyers and one local attorney, who might not be as qualified in due process cases, but who would profit from the experience so that his appointment in a later case might be appropriate.[2] Therefore, I would remand this case to the trial court with direction that it consider, in its discretion, whether to appoint both Farmer and Friend, or whether to appoint one of them, and, in addition, a local lawyer, as the defense team.

I am authorized to state that Justice Fletcher joins in this con-

---

[1] We adopted this phrase in *Amadeo v. State*, supra, from the California case of *Harris v. People*, 567 P2d 750, 759 (140 Cal. Rptr. 318) (1977).

[2] In an indigent's defense, must the trial court defer to *lead* counsel as to the choice of *associate* counsel as it would if the lawyers were hired? Such a requirement would certainly not be in the system's interest. How else does a lawyer gain death-penalty competence other than by association, in the trial, with a lawyer of recognized accomplishment? See *Amadeo v. State*, supra at 470, n. 4.

currence and dissent.

DECIDED MAY 10, 1991.

Millard C. Farmer, Jr., Carla J. Friend, for appellant.

William G. Hamrick, Jr., District Attorney, for appellee.

Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, amici curiae.