S94A0092. ROBERTS v. THE STATE.
(438 SE2d 905)

CARLEY, Justice.

Appellant was convicted of murder and sentenced to death. His conviction and sentence were affirmed by this court. *Roberts v. State*, 252 Ga. 227 (314 SE2d 83) (1984). Appellant was, however, subsequently granted full federal habeas corpus relief. Upon the return of the case for retrial, appellant sought the appointment of counsel, asserting his indigence and requesting the specific appointment of Mr. George Kendall and another named attorney to represent him.

Although Mr. Kendall is currently representing appellant, he is

receiving no compensation from appellant for that representation. Mr. Kendall is, however, a staff attorney for the NAACP Legal Defense and Educational Fund, Inc. and he is currently receiving compensation from that organization. Mr. Kendall has a long-standing relationship with appellant, having previously represented him in the federal habeas corpus proceeding which resulted in the necessity for a retrial. See *Amadeo v. State*, 259 Ga. 469, 470 (2) (384 SE2d 181) (1989). Currently, Mr. Kendall's main office is in New York City, although he does "regularly" travel to Georgia. See *Davis v. State*, 261 Ga. 221, 223 (403 SE2d 800) (1991) (Justice Hunt concurring in part and dissenting in part). Compare *Birt v. State*, 259 Ga. 800 (387 SE2d 879) (1990); *Amadeo v. State*, supra at 470 (2).

The trial court denied appellant's request, concluding that it was "without legal authority to appoint counsel for [appellant] unless or until [Mr. Kendall] withdraws or [appellant] himself, being dissatisfied with [Mr. Kendall], moves for replacement counsel." The trial court did, however, certify its order for immediate review. We granted appellant's application for an interlocutory appeal from the trial court's order denying his request for the appointment of counsel.

1. "Every person charged with an offense against the laws of this state shall have the privilege and benefit of counsel . . . ." Art. I, Sec. I, Par. XIV of the Ga. Const. of 1983. This constitutional provision "guarantees such person who is unable to employ counsel the right to have counsel appointed for him by the court. . . ." *Walker v. State*, 194 Ga. 727 (1) (22 SE2d 462) (1942). Under current law, this constitutional guarantee is enforceable through the trial court's statutory authority to appoint the office of the multicounty public defender pursuant to OCGA § 17-12-97 (a) or through the trial court's statutory authority to designate particular counsel pursuant to OCGA § 17-12-60 (a). In the instant case, the trial court apparently concluded that it was "without legal authority" to appoint counsel to represent appellant pursuant to OCGA § 17-12-60 (a) or § 17-12-97 (a) because appellant is currently being provided pro bono representation by Mr. Kendall.

Appellant has asserted his indigence and requested the appointment of counsel to represent him at his upcoming murder trial. Thus, appellant has denied that he has the financial ability to make his own arrangements for representation at trial. Accordingly, appellant has asserted his constitutional guarantee to counsel and, consequently, has invoked the trial court's legal authority to address the issue of appointment of counsel to represent him.

It is immaterial that appellant may presently be represented by Mr. Kendall or that Mr. Kendall receives compensation from sources other than appellant. The focus is not upon the current state of appellant's legal representation or how that representation may be

funded, but upon appellant's constitutional right to legal representation at his upcoming murder trial. If appellant is indigent, he is constitutionally entitled to appointment of counsel. He does not forfeit that constitutional right simply because he has asserted it through his current legal representative. See *Davis v. State*, supra; *Birt v. State*, supra. Accordingly, the trial court erred in concluding that it was "without legal authority" to appoint counsel for appellant.

2. Because the trial court erroneously concluded that it was "without legal authority" to appoint counsel to represent appellant, it did not address the dispositive issue of whether, in the exercise of its discretion, it would appoint as appellant's trial counsel the office of the multicounty public defender pursuant to OCGA § 17-12-97 (a) or name Mr. Kendall as the "one or more attorneys" it was authorized to designate pursuant to OCGA § 17-12-60 (a). Accordingly, the trial court's order must be reversed and the case remanded with direction that this dispositive determination be made.

> An indigent defendant has no right to compel the trial court to appoint an attorney of his own choosing. [Cit.] The choice of appointed counsel is a matter governed by the trial court's sound exercise of discretion . . . . [Cit.] However, when a defendant's choice of counsel is supported by objective considerations favoring the appointment of the preferred counsel, and there are no countervailing considerations of comparable weight, it is an abuse of discretion to deny the defendant's request to appoint the counsel of his preference. [Cit.]

*Davis v. State*, supra at 222.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED JANUARY 31, 1994.

*Bondurant, Mixson & Elmore, Emmet J. Bondurant, Jane E. Fahey, Gary Parker, George H. Kendall III*, for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, Randall K. Coggin, Assistant District Attorney*, for appellee.