Calvin Jerold BURDINE, Plaintiff,

v.

Joan HUFFMAN, in her official capacity as Presiding Judge of the 183rd District Court of Harris County, Texas, Defendant.

No. CIV.A. H–02–3510.

United States District Court, S.D. Texas, Houston Division.

Oct. 28, 2002.

**705**

Annette M. Lamoreaux, American Civil Liberties Union of Texas, Houston, TX, David George Edwards & George, LLP, Houston, TX, for Petitioner.

Daniel E. Maeso, Office of Attorney General of Texas, Austin, TX, for Respondent.

### ORDER

HITTNER, District Judge.

Pending before the Court are the following: (1) Plaintiff's Complaint and Motion to Enforce Prior Judgment and for Preliminary Injunction and Permanent Injunction and (2) Defendant's Motion to Dismiss Plaintiff's Complaint with Prejudice for a Lack of Jurisdiction, for Failure to State a Claim for Which Relief Should Be Granted, Because Defendant Is Entitled to Judicial Immunity, Because the Court Should Abstain from Entertaining This Claim, and Because Plaintiff is not Entitled to Injunctive Relief. Having considered the motion, submissions, and applicable law, the Court determines that Plaintiff's Motion for a Preliminary Injunction should be denied and Defendant's Motion to Dismiss should be granted.

### Procedural Background

On September 29, 1999, this Court granted Plaintiff Calvin Burdine's (herein-after "Burdine") petition for writ of habeas corpus based on ineffective assistance of counsel and ordered the State of Texas (hereinafter "the State") to either retry [1] or release Burdine within 120 days. *Burdine v. Johnson,* 66 F.Supp.2d 854, 867 (S.D.Tex.1999). The Court concluded that Burdine's conviction was unconstitutional because his counsel slept throughout substantial portions of his criminal·trial. *Id.* at 866. The State appealed to the United States Court of Appeals for the Fifth Circuit, where the majority of a panel reversed the decision. *Burdine v. Johnson,* 231 F.3d 950 (5th Cir.2000). However, the Fifth Circuit *en banc* subsequently affirmed this Court's decision, ordering Burdine's release or retrial. *Burdine v. Johnson,* 262 F.3d 336 (5th Cir.2001) (*en banc*). On June 3, 2002, the United States Supreme Court denied the State's petition for writ of certiorari. *Cockrell v. Burdine,* —— U.S. ——, 122 S.Ct. 2347, 153 L.Ed.2d 174 (2002). Within a few days, the State returned Burdine to the custody of Harris County for retrial. Judge Joan Huffman (hereinafter "Judge Huffman") of the 183rd District Court of Harris County, Texas initially scheduled his trial for October 7, 2002.

Upon being returned for retrial, Burdine requested that Judge Huffman appoint Robert L. McGlasson (hereinafter "McGlasson") to represent him. Prior to June 2002, McGlasson represented Burdine for a period extending over fifteen years during state and federal habeas corpus proceedings, ultimately obtaining a retrial for Burdine. On June 26, 2002, Judge Huffman denied Burdine's motion to appoint McGlasson as counsel for the retrial.[2]

---

1. The State originally brought capital murder charges against Burdine in 1983 in Harris County, Texas. Burdine was convicted and sentenced to death.

2. Primarily in response to the circumstances surrounding Burdine's federal habeas proceedings, the Texas legislature attempted to minimize future instances of ineffective assis-

Judge Huffman contends that because McGlasson is not on the Harris County approved list for appointed counsel in capital murder cases, she is prohibited from appointing him under the Texas Fair Defense Act, 2001 Tex. Sess. Law Serv. 1697 (Vernon). On behalf of Burdine, the Texas Criminal Defense Lawyers Association and the National Association of Criminal Defense Lawyers filed an application for writ of mandamus with the Texas Court of Criminal Appeals to effect the appointment of McGlasson. On August 13, 2002, the Court of Criminal Appeals denied the request without written order.[3]

Burdine, represented by the American Civil Liberties Union, then filed a Motion for Preliminary and Permanent Injunction in the United States District Court for the Southern District of Texas on September 17, 2002, asking this Court to order Judge Huffman to appoint McGlasson to represent Burdine in his pending capital murder case. Burdine complained that Judge Huffman's denial of McGlasson as his counsel, coupled with the abbreviated amount of time for new counsel to prepare before trial, would constitute yet another instance of ineffective assistance of counsel. This Court initially set a hearing on Burdine's request for an injunction for September 27, 2002. In the interim, Judge Huffman properly concluded that she was not bound by this Court's 120–day retrial order of September 1999, and postponed the commencement of Burdine's trial to March 3, 2003. In light of the extension of the trial date, this Court withdrew the September hearing date.[4] The federal hearing was reset by subsequent Order of this Court to October 17, 2002. The Court further ordered that counsel for both parties and Judge Huffman attend mediation with the Honorable Lee Duggan, Jr., former judge of the 182nd District Court of Harris County and Retired Justice of the First Court of Appeals of the State of Texas. The parties were directed to proceed in a good faith effort to attempt to resolve the issue of Burdine's request for the appointment of McGlasson. On October 10, 2002, Justice Duggan reported that in spite of their participation in mediation, the parties were unsuccessful in resolving the issue of appointment of counsel for Burdine.[5]

---

tance of counsel by enacting the Texas Fair Defense Act, 2001 Tex. Sess. Law Serv. 1697 (Vernon).

In June 2002, Judge Huffman refused to appoint McGlasson to represent Burdine based on her interpretation of the Texas Fair Defense Act and offered to appoint another attorney. Burdine refused to accept another appointed attorney. He asserts that McGlasson has unparalleled knowledge of the facts in this complicated and nearly twenty-year old capital murder case.

3. The Texas Court of Criminal Appeals initially indicated that a written order would follow. This Court was recently informed, however, that no written opinion would be issued in the case.

4. On September 23, 2002, this Court issued an Order withdrawing the initial hearing date. In the Order, this Court stressed that the prior 120–day retrial order was no longer applicable to Burdine, and additional time was essential for the defense's preparation of a twenty-year old capital murder case. Further, the Court strongly disagreed with a quoted statement of Texas District Judge George Godwin, then Administrative Judge of the Harris County Criminal District Courts, wherein he commented that the instant lawsuit filed by Burdine was "whining and crying instead of getting to work. . . . It's filing lawsuits in federal court instead of going out and interviewing witnesses." *See* Mike Tolson, *Lawyers Seek More Time in Burdine Trial,* Houston Chron., Sept. 19, 2002, at A21.

5. The Court wishes to express its appreciation to Justice Duggan for his service as a mediator in this matter. Justice Duggan served on a pro bono basis, and this Court greatly values his efforts.

Because the mediation yielded no resolution, the Court conducted a hearing on October 17, 2002, wherein Defendant was ordered to appear and show cause why the motion for injunction should not be granted. Both Judge Huffman and Plaintiff Calvin Burdine were present in court with counsel.[6]

### Analysis

Burdine seeks an injunction requiring Judge Huffman to appoint McGlasson as his attorney in his pending capital murder retrial. In his motion for a preliminary injunction, Burdine argues he has satisfied the requisites of Federal Rule of Civil Procedure 65(b) in that (1) he has shown that he has a substantial likelihood of success on the merits, (2) the injunction is necessary to prevent irreparable injury to Burdine, (3) the threatened harm outweighs the harm an injunction might cause, and (4) the injunction would serve the public interest. *See* FED. R. CIV P. 65(b); *Walgreen Co. v. Hood,* 275 F.3d 475, 477 (5th Cir.2001).

In response, Judge Huffman asserts that the primary basis of injunctive relief in the federal courts has traditionally been irreparable harm and inadequacy of legal remedies. She argues that Burdine is not at risk of irreparable harm because any potential conviction is subject to direct appeal and habeas proceedings. Additional- ly, she claims that Burdine's adequate remedy at law is a petition for writ of mandamus in state court (which was already filed in his case and denied by the Texas Court of Criminal Appeals) as well as post-conviction appellate and habeas proceedings.

In her Motion to Dismiss, Judge Huffman asks the Court to refrain from granting Burdine's request and to dismiss the suit because (1) Judge Huffman is judicially immune; (2) the federal court should abstain under the principles of *Pullman;*[7] and (3) the federal court should abstain under the *Younger* doctrine.[8]

Burdine argues in response that judicial immunity does not prohibit the issuance of an injunction because federal courts may grant prospective injunctive relief against state judges in their official capacity under *Pulliam v. Allen,* 466 U.S. 522, 542–43, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984). In 1996, Congress amended 42 U.S.C. § 1983 (2000) to limit injunctions against state judges, narrowing the availability of injunctive relief against judicial officers. Under section 1983, an injunction may not be granted against a judicial officer unless a declaratory decree was violated or declaratory relief was unavailable.[9] Burdine asserts both that Judge Huffman has violated this Court's prior September

---

**6.** Texas District Judge Debbie Mantooth Stricklin, Administrative Judge of the Harris County Criminal District Courts, was also present at the hearing.

**7.** *Railroad Comm'n v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). *Pullman* abstention is appropriate where a federal constitutional challenge and an unclear issue of state law exist, and the state law issue, if resolved, would make it unnecessary for the federal court to rule on the federal constitutional question. *Id.* at 499–502, 61 S.Ct. 643.

**8.** *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). *Younger* stands for the general proposition that federal courts should not enjoin ongoing state criminal proceedings. *Id.* at 43–45, 91 S.Ct. 746.

**9.** Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983 (As amended Oct. 19, 1996 by Pub.L. 104–317, Title III, § 309(c), 110 Stat. 3853).

1999 Order granting habeas relief, which he argues was a declaratory decree, and that declaratory relief is unavailable in this case. Burdine further argues that neither *Pullman* nor *Younger* abstention is warranted in this case.

Regarding the Texas Fair Defense Act, Burdine argues that based on the language of section 16, the Act applies to cases involving offenses committed after January 1, 2002, the effective date of the Act. The Texas Fair Defense Act indicates that if the offense was committed before January 1, 2002, the law governing appointment of counsel in effect on the date of the offense controls. Burdine is charged with an offense allegedly committed in 1983. He contends that Judge Huffman has not shown any law in effect in 1983 that constrains her ability to appoint McGlasson.[10]

*Younger* and its progeny of cases prohibit direct interference with an ongoing state criminal prosecution. *Younger v. Harris*, 401 U.S. 37, 43–45, 91 S.Ct. 746 (1971); *Samuels v. Mackell*, 401 U.S. 66, 71–73, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971). The principles of *Younger* include "considerations of equity, comity, and federalism." *DeSpain v. Johnston*, 731 F.2d 1171, 1175–76 (5th Cir.1984) (citing *Younger*, 401 U.S. at 43–45, 91 S.Ct. 746). In discussing *Younger*, the Fifth Circuit has indicated that "a federal district court presumptively must abstain from granting either injunctive or declaratory relief when state criminal actions or certain categories of state civil proceedings are pending against the federal plaintiff at the time that federal action is commenced." *DeSpain*, 731 F.2d at 1175; *see also Samuels v. Mackell*, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971) (holding that abstention is appropri-

ate where a plaintiff seeks declaratory relief in federal court against a pending state prosecution).

The Fifth Circuit has applied the *Younger* doctrine in circumstances somewhat analogous to the instant case. In *Bundy v. Rudd*, 581 F.2d 1126, 1129 (5th Cir. 1978), *cert. denied*, 441 U.S. 905, 99 S.Ct. 1992, 60 L.Ed.2d 373 (1979), Ted Bundy, an accused capital defendant in Florida, refused representation by the public defender and requested that an attorney who was not a member of the Florida Bar be allowed to represent him. After Bundy's request was denied by the state trial and appellate courts, he filed an action in federal court under 42 U.S.C. § 1983. *Bundy*, 581 F.2d at 1128–29. Bundy sought injunctive relief from the federal court in the form of an order forcing the state trial court to allow Bundy's preferred counsel to represent him in his capital trial. *Id.* at 1128. The Fifth Circuit affirmed the district court's denial of the request for an injunction, explaining that granting Bundy's request would be a "direct interference with the ongoing state criminal prosecution." *Id.* at 1129 ("[i]f there was ever a doubt as to the propriety or wisdom of federal court intrusion into pending state criminal proceedings, that doubt was removed by the decision of the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)").

▆ In contrast to the *Bundy* case, Burdine's requested counsel, with whom Burdine has an extended relationship, is licensed in the state in which Burdine is being tried. Additionally, Burdine's cause was previously before this Court in a ha-

---

**10.** Although a reading of section 16 of the Fair Defense Act may support Burdine's position, the Court declines to reach this issue. However, the Court notes that McGlasson, a licensed Texas attorney residing in Atlanta, Georgia, has not elected to submit an application in compliance with the Harris County District Court standards and procedures for consideration for appointment under the Act.

beas corpus proceeding. Despite the differences, the procedural posture of the instant situation and the *Bundy* case is comparable. Among other claims, Burdine has also filed an action requesting injunctive relief under section 1983, asking this Court to order Judge Huffman to appoint McGlasson as counsel for his retrial.

Burdine contends that the principles of *Younger* abstention are not implicated because requesting the appointment of McGlasson is not the equivalent of seeking to enjoin the state court criminal proceedings. The Court, however, concludes that enjoining a state court case may take many forms in addition to ordering a stay or postponement of proceedings. The term "enjoin" implicates not only a stay of the proceedings, but also includes commanding, positively directing, or requiring a person, by writ of injunction, to perform some act. *See* BLACK'S LAW DICTIONARY 529 (6th ed.1990). An injunction directing Judge Huffman to appoint McGlasson as counsel for Burdine during his retrial would fall squarely within the meaning of the term "enjoin."

Burdine claims that even if *Younger* abstention is implicated, it does not apply because *Younger* prevents only unseemly federal intervention, and intervention herein would not be "unseemly" given the history of Burdine's case. Burdine further asserts that *Younger* is inapplicable due to this Court's involvement in Burdine's prior habeas corpus proceedings. Burdine contends that the instant lawsuit is a vehicle to enable this Court to enforce its prior judgment.

Even if the Court were to determine that it is proper to intervene in the retrial, Burdine has not demonstrated that the State of Texas or Judge Huffman is violating the Court's prior judgment. In argument before this Court, Burdine's counsel stated that as the circumstances currently exist and without McGlasson's appointment, the State is retrying Burdine in a manner contrary to the Sixth Amendment's requirement of effective assistance of counsel. However, this Court declines to presume that Burdine will not receive effective assistance of counsel if he is represented at trial by counsel other than McGlasson. Judge Huffman's counsel has assured the Court that two highly qualified attorneys will be appointed to represent Burdine.[11]

■ Although indigent defendants have a right to counsel, they generally do not have a right to choose their counsel. *See, e.g., Cantu–Tzin v. Johnson,* 162 F.3d 295, 300 (5th Cir.1998) ("[i]nmates are not entitled to court-appointed counsel of their choice") (citations omitted); *Yohey v. Collins,* 985 F.2d 222, 228 (5th Cir.1993) ("[t]he right to counsel guaranteed by the Sixth Amendment does not include the right to counsel of [defendant's] choice") (citing *United States v. Magee,* 741 F.2d 93, 95 (5th Cir.1984)). This concept, however, is distinct from a court's refusal to allow an attorney with a longstanding relationship with a defendant to continue representing that defendant. Burdine cited extensive, nationwide state case law relative to the protection of an ongoing attorney-client relationship. *See, e.g., Stotts v. Wisser,* 894 S.W.2d 366, 367–68 (Tex.Crim. App.1995) (holding that the district judge did not have discretion to replace appointed counsel over the objections of both counsel and the defendant when the only justification was the judge's personal preference); *Buntion v. Harmon,* 827 S.W.2d 945, 949 (Tex.Crim.App.1992) (explaining that "[t]here must be some principled rea-

---

**11.** During the hearing on this matter, Defendant's counsel stated affirmatively that Judge Huffman will appoint two "first class, top notch" attorneys to represent Burdine.

son, apparent from the record, to justify a trial judge's sua sponte replacement of appointed counsel"); *Harris v. People,* 19 Cal.3d 786, 140 Cal.Rptr. 318, 567 P.2d 750, 759 (1977) (holding that trial court abused its discretion in denying defendant's preferred choice of counsel, which was supported · by objective considerations); *Amadeo v. State,* 259 Ga. 469, 384 S.E.2d 181, 183 (1989) (finding that the trial court's refusal to appoint attorneys who had previously represented the defendant was an abuse of discretion given the prior counsel's knowledge of the defendant's case and the developed relationship and trust between prior counsel and the defendant); *Davis v. Cain,* 662 So.2d 453, 454 (La.1995) (finding that the trial court's denial of a motion for appointment of counsel was an abuse of discretion). This same argument was presented in briefing before the Texas Court of Criminal Appeals in Burdine's application for writ of mandamus. However, the Texas Court of Criminal Appeals declined to hear the case. Although these state cases regarding protection of an ongoing attorney-client relationship may present support for Burdine's position that his attorney-client relationship with McGlasson should not be disrupted, due to the fact that *Younger* principles are controlling, this federal court declines to order Judge Huffman to appoint Burdine's attorney of choice.

After consideration of the submissions on file, arguments of counsel in open court, and the applicable law, this Court declines to intervene in Burdine's ongoing state criminal prosecution based on the principles espoused by the United States Supreme Court in *Younger v. Harris,* 401 U.S. 37, 43–45, 91 S.Ct. 746 (1971). Given the foregoing, the Court hereby

ORDERS that Defendant Joan Huffman's Motion to Dismiss is GRANTED, and Plaintiff Calvin Jerold Burdine's Motion to Enforce Prior Judgment and for

Preliminary and Permanent Injunction is DENIED. All of Plaintiff's claims are hereby DENIED. This case is administratively CLOSED.