S03A0507. JACKSON v. THE STATE.
(583 SE2d 37)

PER CURIAM.

The judgment of the court below is affirmed without opinion pursuant to Supreme Court Rule 59.

*Affirmed without opinion. All the Justices concur, except Fletcher, C. J., who dissents.*

FLETCHER, Chief Justice, dissenting.

I dissent to the affirmance of the trial court's order setting a fee for the representation of an indigent defendant in a murder trial at approximately $18.55 per hour.

In November 1999, attorney Richard Wayne was appointed to represent Terry Robert Jackson in a malice murder case in Fulton County arising out of the shooting death of a police investigator in 1975. The case came to trial in July 2002. After the first day of trial, the trial court stated that it was concerned about comments from jurors regarding the effectiveness of Wayne. The trial court ordered a new jury panel and appointed Wayne's co-counsel as lead counsel; Wayne continued as co-counsel. After trial, Wayne submitted his final fee request, which included a detailed, itemized statement, seeking $40,293.26 based on 109.4 in-court hours at $60 per hour and 968.6 out-of-court hours at $45 per hour. The trial court, however, awarded only $10,000. The final payment, along with an interim payment prior to trial of $10,000, resulted in a payment of $18.55 per hour.

The policy of this State is to "provide the constitutional guarantees of the right to counsel . . . to all its citizens in criminal cases."[1]

---

[1] OCGA § 17-12-31 (1997). See also HB 770 (2003) amending Chapter 12 of Title 17 to provide for the establishment of the Georgia Public Defender Standards Council and for appointment of a public defender in each judicial circuit.

When counsel is appointed, the State must pay reasonable and adequate compensation for the services rendered.[2] Whether compensation is adequate depends on many factors, including the extent of services and time involved, the attorney's skill and experience, potential punishment involved, complexity of the case, overhead costs, and fee awards in similar cases.[3]

The trial court's award of fees is subject to an abuse of discretion standard on review. In this case the trial court made no factual findings and the Court is left to speculate about why the trial court drastically reduced the requested fee. The vast majority of the fee request covers pre-trial work[4] and nothing in the trial court's order or comments in the record suggests that the services rendered prior to trial were unreasonable, excessive, redundant, or unnecessary. Because this Court is unable to effectively review this fee award, I would vacate and remand for findings of fact by the trial court.[5]

DECIDED JUNE 30, 2003.

*Richard C. Wayne*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Assistant District Attorneys*, for appellee.

---

[2] *Birt v. State*, 259 Ga. 800, 801 (387 SE2d 879) (1990); *Amadeo v. State*, 259 Ga. 469, 471 n. 5 (384 SE2d 181) (1989).

[3] See, e.g., ABA Standards for Criminal Justice, Standard 5-2.4; *Hulse v. Wifvat*, 306 NW2d 707 (Iowa 1981); *People v. Johnson*, 429 NE2d 497 (Ill. 1981).

[4] The fees attributable to services rendered during trial are approximately $6,750, based on 50 hours out-of-court and 75 hours in-court.

[5] See *Dunn v. Edwards*, 275 Ga. 458 (569 SE2d 525) (2002) (factual findings necessary for adequate appellate review).