S04A1654, S04A1805. GRANT v. THE STATE (two cases).

(607 SE2d 586)

FLETCHER, Chief Justice.

These two appeals arise out of the pending death penalty prosecution of Aundra Dermaine Grant. For the reasons set out below, we conclude that the trial court erred by removing Grant's existing co-counsel, and we reverse the trial court's order imposing contempt sanctions on Grant's lead counsel.

1. After a number of changes in defense counsel in Grant's case, Matthew Rubenstein ultimately was appointed by the trial court as Grant's lead counsel. It was never disputed, either by the State or the trial court, that Rubenstein was well-qualified and had an excellent working relationship with Grant. Cynthia Roseberry and Gary Parker worked as Grant's co-counsel with Rubenstein without compensation from the trial court or the county during a several-month interval when there was no court appointed co-counsel, and they agreed to continue in that capacity through Grant's trial. Just as with Rubenstein, it was never disputed that Roseberry and Parker were well-qualified and had an extensive, positive working relationship with Grant. Nevertheless, a conflict with the trial court developed when the trial court attempted to impose unfamiliar co-counsel on Grant and to forbid Roseberry and Parker from continuing to serve as co-counsel.

This Court has previously addressed the limits of the trial court's discretion in selecting defense counsel for indigent death penalty defendants. In *Amadeo v. State*, the defendant was again facing a possible death sentence after his first conviction and death sentence had been reversed by the federal courts on habeas corpus.[1] We concluded that the trial court, on retrial of the case, abused its discretion by failing to give sufficient weight to the defendant's "relationship of trust and confidence with prior counsel" and to prior counsel's familiarity with the "legal and factual complexities of the case."[2] Accordingly we concluded that the trial court erred by appointing new counsel over the defendant's objections.[3] Later, in *Davis v. State*, this Court reiterated the rule applied in *Amadeo* as follows:

[W]hen a defendant's choice of counsel is supported by objective considerations favoring the appointment of the

---

[1] *Amadeo v. State*, 259 Ga. 469, 469 (384 SE2d 181) (1989).
[2] Id. at 470-471.
[3] Id.

preferred counsel, and there are no countervailing considerations of comparable weight, it is an abuse of discretion to deny the defendant's request to appoint the counsel of his preference.[4]

Applying that rule, we concluded that the trial court had failed to give sufficient weight to the fact that the lawyers who had previously represented Davis were "already familiar with the case, which [was] both legally and factually complex," and the fact that they had formed a close working relationship with the defendant.[5]

Our review of the record in Grant's case supports Grant's contention that the trial court, in determining who would serve as Grant's counsel, failed to give proper weight to the significant relationship that existed between Grant and Rubenstein, Roseberry, and Parker. As was the case in *Amadeo*,[6] the record reflects that the trial court wished to ensure the participation of local counsel. That objective is not sufficient, however, to overcome the strong interest of the defendant and of the court system in sustaining an existing, close relationship between a death penalty defendant and his counsel. Accordingly, we conclude that the trial court erred by refusing to allow Roseberry and Parker to continue serving as co-counsel in Grant's case.

2. For the same reasons that it was improper for the trial court to order Roseberry and Parker removed from the case, the trial court abused its discretion when it ordered Rubenstein removed from the case as part of its contempt order. Accordingly, we reverse the trial court's order imposing contempt sanctions against Grant's lead counsel, including his removal from the case.

*Judgments reversed. All the Justices concur.*

DECIDED JANUARY 10, 2005.

*John R. Martin*, for appellant.
*Robert E. Keller, District Attorney, Todd E. Naugle, Bonnie K. Smith, Assistant District Attorneys, Thurbert E. Baker, Attorney*

---

[4] *Davis v. State*, 261 Ga. 221, 222 (403 SE2d 800) (1991).
[5] Id.
[6] *Amadeo*, 259 Ga. at 471 (2).

*General, Susan V. Boleyn, Assistant Attorney General, John A. Beall IV, Theresa A. Hood*, for appellee.
*James C. Bonner, Jr., Michael Mears*, amici curiae.