A08A1489. WADDELL v. THE STATE.
(665 SE2d 893)

BLACKBURN, Presiding Judge.

Following a jury trial, Terrance Waddell appeals his conviction of armed robbery,[1] aggravated assault[2] (four counts), and kidnapping,[3] contending that the trial court erred in failing to appoint different counsel to represent him at trial. Because Waddell failed to show sufficient objective considerations favoring a new appointment, we affirm.

Construed in favor of the verdict, *Short v. State*,[4] the evidence shows that early one morning, Waddell, Jerault Allen, and Christopher Jones, neighbors in Waddell's apartment building, drove to a gas station to use an ATM and buy beer. At the gas station, an argument developed between Allen and Waddell, who pulled a knife from his pocket and held it to Allen's neck. At knifepoint, Waddell ordered Allen to drive the three men to a dark lot, where Waddell then stabbed Allen in the arm and back. As Allen and Jones tried to flee on foot, Waddell pursued in the car, striking them. The two men were ultimately able to escape and call 911 from a nearby location.

Allen and Jones directed police to their apartment building, where they believed Waddell would be. Waddell had gone to another neighbor's apartment, telling the neighbor that he needed to "lay low" because he had killed two people. When Waddell requested a lighter to smoke his crack pipe, the neighbor objected because his four-year-old daughter was in the apartment, along with his girlfriend. Waddell then held a knife to the girlfriend's neck, threatened

---

[1] OCGA § 16-8-41 (a).
[2] OCGA § 16-5-21 (a) (2).
[3] OCGA § 16-5-40 (a).
[4] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

her, and locked the neighbor and the daughter out of the apartment. Waddell then smoked his crack pipe and touched the girlfriend's privates, threatening to kill her as she pleaded with him to stop. Police arrived and were ultimately able to gain entry and disable Waddell with a Taser as he held the girlfriend at knifepoint.

Waddell was arrested and charged with armed robbery, aggravated assault (four counts), kidnapping, aggravated sexual battery, and burglary. Following a trial, he was found guilty by a jury on all counts except burglary (for which the trial court directed a verdict of not guilty) and aggravated sexual battery. Waddell's subsequent motion for new trial was denied, and he filed this appeal.

Waddell, who is indigent and was represented by counsel from the public defender's office, contends that the trial court erred in denying his pre-trial request to be assigned new counsel. We discern no abuse of the trial court's discretion and affirm.

The Supreme Court of Georgia has held that

> an indigent defendant has no right to *compel* the trial court to appoint [a particular] attorney of his own choosing. The choice of appointed counsel is a matter governed by the trial court's sound exercise of discretion and will not be disturbed on appeal unless that discretion is abused.

(Punctuation omitted; emphasis supplied.) *Chapel v. State.*[5] In determining whether a trial court abused its discretion in appointing counsel for an indigent defendant, we must employ the following test:

> [W]hen a defendant's choice of counsel is supported by objective considerations favoring the appointment of the preferred counsel, and there are no countervailing considerations of comparable weight, it is an abuse of discretion to deny the defendant's request to appoint the counsel of his preference.

Id. See *Davenport v. State.*[6]

Here, during a pre-trial hearing nearly four months before trial, Waddell complained to the trial court that his assigned public defender (his second in the case) had not performed adequately. Waddell requested that he not be assigned any counsel from the public defender's office at all. Waddell's counsel responded that certain of Waddell's requests, like a speedy trial motion and seeking

---

[5] *Chapel v. State*, 264 Ga. 267, 268 (2) (443 SE2d 271) (1994).
[6] *Davenport v. State*, 283 Ga. 29, 31 (2) (b) (656 SE2d 514) (2008).

hospital records for third parties, were either untimely or complicated by privacy matters. Waddell's other complaints, such as failing to investigate ATM records from the gas station, actually were being investigated at that time and an appropriate witness from the gas station was under subpoena. Based on this information, the trial court found that Waddell's assigned attorney was performing adequately.

Despite the trial court's ruling, Waddell refused to proceed with present counsel and stated, "If I have to come in the courtroom mute, then that's what I'll have to do." The trial court then explained that Waddell could proceed pro se (though the court advised against it), or he could hire an attorney, or he could proceed with appointed counsel. At that time, the judge set the case on a trial calendar.

Nearly four months later, on the Friday before trial (which began on a Monday), Waddell again addressed the court, expressing his concern with the ATM records, which had been obtained but apparently not certified as authentic. His counsel responded that the State had agreed to stipulate to the authenticity of the records, and she further explained that other records were not available from the bank. With respect to an additional complaint by Waddell that she had not adequately explained the elements of the crime to Waddell, counsel replied that she had sent a copy of the statute to Waddell (whom she knew to have a college education) and explained in detail the concept of asportation with respect to kidnapping. Waddell had ultimately refused to speak to his counsel and had not asked any other questions of his counsel with respect to the charges.

Despite this explanation, Waddell requested a continuance to prepare to represent himself or for him to be appointed a third new trial counsel. He did not request any specific attorney. The trial court denied Waddell's request, stating, "You had plenty of time [nearly four months]. I told you last time what your rights were and that you had the choice of either letting [present counsel] represent you, retaining your own attorney or representing yourself." Waddell again protested, stating that he had had no communications with his counsel, who countered that Waddell had walked out on their last meeting because he did not want to go over his testimony in preparation for trial. After the trial court again advised Waddell of his rights and refused to appoint a different public defender, Waddell chose to accept representation of his current counsel from the public defender's office.

Waddell now contends that the trial court abused its discretion in failing to appoint him different counsel. However, in weighing whether to do so, the trial court determined that current counsel had adequately prepared for the case, had not failed to communicate with

her client, and had otherwise taken action mitigating most if not all of the concerns raised by Waddell. Waddell identified no other preferred attorney, and no new attorney was familiar with Waddell's case. The trial court had given Waddell nearly four months to cooperate with his appointed counsel, whom the trial court found to have performed adequately, or to hire private counsel. In light of the facts of this case, including trial counsel's familiarity with the case, adequate performance, open communication, and time invested in investigating the case and preparing a defense, we discern no abuse of discretion by the trial court. See *Davenport v. State*, supra, 283 Ga. at 31-32 (2) (b) ("[w]e have recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness, and against the demands of its calendar"); *Chapel v. State*, supra, 264 Ga. at 269-270 (3) (c) ("[t]he amount of time and effort expended by an attorney on behalf of a criminal defendant are weighty considerations in determining whether that attorney should be appointed to represent the defendant").

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED JULY 17, 2008.

*Little & Crumly, Samuel F. Little, Jr.*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.